**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

In Re: BAYCOL PRODUCTS LITIGATION          MDL No. 1431

This Document Relates to:

Constance Torquato, et al.,

              Plaintiffs,

v.                                                                              **MEMORANDUM OF LAW**
                                                                         **& ORDER**

Bayer AG et al.,                                                      Case No. 03-5337 (MJD/SRN)

              Defendants.
_____

      Sean M. Foldenauer, Foldenauer Law Firm, Counsel for Plaintiffs.

      Philip S. Beck, Adam Hoeflich, Bartlit Beck Herman Palenchar & Scott, LLP; Susan A. Weber, James W. Mizgala, Thomas P. Hanrahan, Christine K. Son, and Paul Zidlicky, Sidley Austin, LLP, Richard K. Dandrea, Eckert Seamens, Cherin & Mellott, LLC, Peter W. Sipkins, Dorsey & Whitney, LLP, Douglas R. Marvin, Williams & Connolly, and Shirli Weiss and Carrie Dolton, DLA Piper US LLP, Counsel for Defendant Bayer Corporation.

      Scott A. Smith and Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Dechert LLP for and on behalf of Defendants.
_____

## I.    INTRODUCTION

      This matter is before the Court on Defendants' Motion for Summary Judgment [Docket No. 5]. Defendants filed its motion on January 30, 2008.

Plaintiff did not file a timely response, and as a result, this Court granted Defendants' motion as unopposed. Subsequently, Plaintiffs moved to vacate the Order dismissing their case, and filed a motion for an extension within which to file an opposition brief to Defendants' motion for summary judgment. By Order dated May 14, 2008, this Court granted Plaintiffs' motion, and ordered Plaintiffs to submit an opposition brief on or before June 13, 2008. Plaintiffs thereafter moved for another extension. This motion was also granted and Plaintiff was ordered to file their opposition brief on or before July 30, 2008. To date, Plaintiffs have not submitted an opposition brief. Accordingly, the Court deems Defendants' motion for summary judgment unopposed.

## II.   FACTUAL BACKGROUND

This action involves the prescription drug, cerivastatin, which was marketed in the United States under the brand name Baycol. Baycol is a member of a class of drugs known as statins that have been routinely prescribed to lower the lipid levels of individuals with high cholesterol.

Baycol was approved by the FDA in June 1997, but in August 2001, it was withdrawn from the market after thirty-one deaths in the United States were linked to Baycol use. Thereafter, thousands of lawsuits commenced throughout

the country in state and federal court, asserting, *inter alia*, claims of strict liability, negligence, breach of warranty and medical monitoring. Given the number of cases filed in federal court, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated the cases in this Court by Order dated December 18, 2001 pursuant to 28 U.S.C. § 1407 [Docket No. 1].

Plaintiffs are the heirs of Robert Torquato, a California resident. Mr. Torquato was prescribed 0.3 mg Baycol from February 2000 until June 2001. Mr. Torquato died on November 28, 2001, and his heirs filed this wrongful death action alleging that Mr. Torquato experienced symptoms associated with rhabdomyolysis as a result of ingesting Baycol.

## III.   DISCUSSION

### A.   Defendants' Motion for Summary Judgment

#### 1.   Standard

Under Rule 56(b) of the Federal Rules of Civil Procedure, "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b)(2008). Furthermore, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Id. at 323. If the opposing party fails to make a showing that supports the existence of an element essential to the case on which they have the burden of proof at trial, summary judgment must be granted. Id. at 332-33.

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

As noted above, Plaintiff did not respond to Defendant's motion. Thus, if Defendant has met its burden and demonstrated that it is entitled to judgment as a matter of law, the motion will be granted.

**2.   Analysis**

Mr. Torquato was 80 years of age at the time of his death, and his medical history includes cardiac problems such as aortic stenosis and congestive heart failure. (Dep. of Henry Samtoy, M.D. (Ex. A) at 109:16-110:3.) Mr. Torquato also had a history of high cholesterol, hypertension, chronic pulmonary disease, consumption coagulopathy following bypass surgery and morbid obesity. (Torquato Medical Records (Ex. B) at SGH000031rht, HS0000166rht, AH000018rht, HS000043rht.)

Relevant to the claims in this case, Mr. Torquato's treating physician, Dr. Karl Sturckow, discontinued Mr. Torquato's Baycol prescription after a urine sample was observed to have a "syrupy" look. (Dep. of Karl Sturckow (Ex. C) at 161:8-25.) One month later, Dr. Sturckow noted that Mr. Torquato's urine cleared up and thereafter prescribed Zocor. (Id.) In August 2001, Mr. Torquato's cardiologist, Dr. Henry Samtoy, prescribed Pravachol, not knowing that Dr. Sturckow had prescribed Zocor. (Samtoy Dep. (Ex. A) at 147:25-149:5, 150:19-23.)

During June and September 2001, Mr. Torquato filled prescriptions for both Zocor and Pravachol. (Torquato Medical Records (Ex. B) at SPFS000092rht.) On September 8, 2001, Mr. Torquato was admitted to the hospital, where he was

diagnosed with acute myocardial infarction, and elevations in both CK levels and Troponin I levels.  (Id. at SGH000031-34rht.)  He was discharged on September 12, 2001.  Two months later, Mr. Torquato passed away at his home.  (Id. at SGH000025rht, MLS00004-12rht.)

An autopsy was performed by Dr. Arthur Koehler, who determined that Mr. Torquato's primary cause of death was congestive heart failure triggered by hardening of the arteries and an enlarged heart.  (Dep. of Arthur Koehler (Ex. E) at 57:20–58:15.)

In their Complaint, Plaintiffs assert the following causes of action: strict products liability (failure to warn); strict products liability (unreasonably dangerous product); negligence; breach of express warranty; breach of implied warranty; fraud and deceit; unfair competition; false advertising; and Consumer Legal Remedies Act violations.  In order to prevail on any of these claims, Plaintiffs must prove that Baycol caused Mr. Torquato injury.  Bromme v. Pavitt, 5 Cal. App. 4th 1487, 1498-99 (1992) ("The law is well settled that in a personal injury action causation must be proven within a reasonable medical probability based upon competent expert testimony. Mere possibility alone is insufficient to establish a prima facie case.")

Defendants argue that Plaintiffs have failed to present any admissible evidence that Baycol caused or contributed to Mr. Torquato's death.  The only evidence of causation presented by Plaintiffs is an opinion letter from Dr. Samtoy, in which he concludes that Baycol was involved in the non-cardiac muscle damage suffered by Mr. Torquato, as evidenced by a high CK level.  (Ex. J.)  However, as the medical records indicate, Mr. Torquato ceased taking Baycol in June 2001, and was taking Zocor and Pravachol at the time of his hospitalization in September 2001.  Plaintiffs have not presented any evidence demonstrating that a statin can cause injury months after a patient stops taking said statin, nor is there evidence ruling out Zocor and Pravachol as causes of the alleged muscle damage suffered by Mr. Torquato.  (Samtoy Dep. (Ex. A) at 171:11-20, 173:25-174:5.)

Because the record before the Court does not demonstrate that Baycol more likely than not caused Mr. Torquato's death or injury, the Court finds that Defendants have met their burden and are entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 5] is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 10, 2008     s/ Michael J. Davis
                             Michael J. Davis
                             Chief Judge
                             United States District Court

Civil No. 03-5337